IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENN BONILLA PELAYO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 2:24-cv-033-ECM-CWB |
| | ) |
| R.D. KEYES, WARDEN, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). By Order entered January 26, 2024, Petitioner was informed that he must submit either the $5.00 filing fee or a properly completed application for leave to proceed *in forma pauperis*. (Doc. 2). And Petitioner was "cautioned that his failure to comply with this Order may result in a recommendation by the Magistrate Judge that the case be dismissed." (*Id*.).

Despite the court's instructions and admonition, Petitioner failed to take action by the imposed deadline of February 9, 2024. The Magistrate Judge finds that Petitioner's failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Petitioner has failed to take action notwithstanding the court's warning about a potential dismissal. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power

1

to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned).  Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **March 6, 2024**.  An objecting party must identify the specific portion(s) of any factual findings or legal conclusions to which the objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 21st day of February 2024.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**